IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ANDREW PAUL ROSHONE,

           Plaintiff,          2:11-cv-01331-PK

v.                                     OPINION AND ORDER

THOMAS JOST et al.,

           Defendants.

PAPAK, Magistrate Judge:

      Incarcerated plaintiff Andrew Paul Roshone filed this action *pro se* against Thomas Jost, Jeff Moura, Alvie Barton, Erik Estrada, Joey Olive, and John Doe. Roshone alleges that defendants are liable under 42 U.S.C. § 1983 for violating Roshone's civil rights arising under the Eighth Amendment to the United States Constitution. Specifically, under Claim I, Roshone alleges that defendants Barton, Estrada, Olive, and John Doe used excessive force. Under Claim

Page 1 - OPINION AND ORDER

II, Roshone alleges that defendants Jost and Moura were deliberately indifferent to the use of excessive force. Finally, under Claim III, Roshone alleges that medical staff were deliberately indifferent to his medical needs.[1]

Now before the court is defendants' motion for an order permitting them to inspect and copy medical records (#82). For the reasons set forth below, defendants' motion is denied.

## BACKGROUND

On November 1, 2011, Roshone filed the complaint (#2). On March 21, 2012, the court entered a scheduling order, which, among other things, set a deadline of May 24, 2012, for all pretrial, discovery, and dispositive motions. Scheduling Order for Civil Actions Filed by Prisoners, #27, at 1. At the parties' requests, the court extended this deadline to July 23, 2012. May 24, 2012 Order, #33. On July 23, 2012, the court granted defendants' second motion for an extension of time and extended the deadline to September 21, 2012. July 23, 2012 Order, #37. On September 26, 2012, the court granted defendants' third motion for an extension of time and extended the deadline to November 20, 2012. September 26, 2012 Order, #41. On November 20, 2012, the court granted defendants' fourth motion for an extension of time and extended the deadline for pretrial, discovery, and dispositive motions to January 22, 2013. November 20, 2012 Order, #46. In the court's November 20, 2012 order, the court stated, "Due to the age of this case, no further extensions of time will be considered without a showing of exceptional cause." *Id.*

---

[1] On September 4, 2013, the undersigned recommended that the district-court judge dismiss with prejudice the John Doe defendant and dismiss without prejudice Claim III of the complaint. Findings and Recommendation, #79, at 23. Objections to the Findings and Recommendation are due October 7, 2013.

Page 2 - OPINION AND ORDER

On September 9, 2013, defendants filed the instant motion. On September 19, 2013, Roshone filed a resistance (#87). On September 25, 2013, defendants filed a reply (#93).[2] The matter is fully submitted and ready for decision.

## ANALYSIS

In the motion, defendants request an order permitting them to inspect and copy all of Roshone's medical records kept by the Oregon Department of Corrections. Defendants contend that, because Roshone is alleging physical injuries, he has placed his medical condition at issue and, therefore, they are entitled to inspect and copy his medical records. Defendants note that they asked Roshone to authorize disclosure of the medical records on September 5, 2013, but Roshone refused to sign the authorization form. In response, Roshone argues that the court should delay ruling on the motion until the district-court judge has ruled on the pending motion for summary judgment. Furthermore, Roshone argues that the court should deny in part defendants' request and permit defendants to inspect only those medical records relevant to Roshone's claims—that is, those medical records dated between August 11, 2010, and November 1, 2011.

Defendants' motion is denied. Pursuant to the court's November 20, 2012 order, discovery motions were due January 22, 2013. November 20, 2013 Order, #46. Defendants fail to demonstrate "exceptional cause" warranting an extension of time to file discovery motions. *See id.* (warning the parties that the court will grant no further extensions of time absent a

---

[2] The court does not typically permit a reply brief supporting a discovery motion. *See* LR 26-3(c). Nevertheless, after considering defendants' reply, I find that it does not alter my conclusion as it fails to establish exceptional cause or even good cause for defendants' untimely discovery request.

Page 3 - OPINION AND ORDER

showing of "exceptional cause"); *see also* Fed. R. Civ. P. 16(b) (providing that, once a court issues a scheduling order, the "schedule may be modified only for good cause and with the judge's consent"). Indeed, defendants offer no explanation for why they did not previously request Roshone's medical records. Because defendants filed their motion over seven months after the deadline and because defendants have offered no reason for their delayed request, I find it is appropriate to deny defendants' motion for an order permitting them to inspect and copy Roshone's medical records.

## CONCLUSION

For the reasons discussed above, defendants' motion for an order to inspect and copy medical records (#82) is denied.

Dated this 30th day of September, 2013.

Honorable Paul Papak
United States Magistrate Judge