IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **ANDREW PAUL ROSHONE,** | 2:11-CV-01331-BR |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| **LT. THOMAS JOST; SGT. JEFF MOURA; and CORRECTIONS OFFICERS ALVIE BARTON, ERIK ESTRADA, and JOEY OLIVE, in their individual capacities,** | |
| Defendants. | |

**CHRISTOPHER F. MCCRACKEN**
**SARAH E. AMES**
Davis Wright Tremaine, LLP
1300 S.W. Fifth Avenue
Suite 2400
Portland, OR 97201-5630
(503) 241-2300

      Attorneys for Plaintiff

**ELLEN ROSENBLUM**
Attorney General
**ROBERT E. SULLIVAN**
Assistant Attorney General
1162 Court Street N.E.
Salem, OR 97301
(503) 947-4700

      Attorneys for Defendants

1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on Defendants' Motion (#168) for Receipt of Partial Verdict as Determinative of Claims. For the reasons that follow, the Court **GRANTS in part** and **DENIES in part** Defendants' Motion.

## BACKGROUND

Plaintiff Andrew Paul Roshone an inmate at the Snake River Correctional Institution, brought this action against Thomas Jost, Jeff Moura, Alvie Barton, Erik Estrada, and Joey Olive pursuant to 42 U.S.C. § 1983. Plaintiff alleged Defendants violated his right under the Eighth Amendment to the United States Constitution to be free from cruel and unusual punishment when (1) they used unconstitutionally excessive force against him on August 11, 2010, and/or (2) they were deliberately indifferent to the use of constitutionally excessive force against Plaintiff.

The Court held a trial on July 8-9, 2014, and presented the jury with a Verdict form that included the following questions:

1. Did Plaintiff prove by a preponderance of the evidence that any one or more of the following Defendants used excessive force against him in violation of his Eighth Amendment rights?

    Defendant Jeff Moura      _____Yes     _____ No

    Defendant Alvie Barton    _____Yes     _____ No

2 - OPINION AND ORDER

        Defendant Erik Estrada    \_\_\_\_\_Yes    _____ No

        Defendant Joey Olive     \_\_\_\_\_Yes    _____ No

2. Did Plaintiff prove by a preponderance of the evidence that Officer Rebecca Mauney, who is not a named Defendant, used excessive force against Plaintiff in violation of his Eighth Amendment rights?

*If you answered "No" as to each of these Defendants and Officer Mauney, your Verdict is in favor of all Defendants and your deliberations are concluded. . . . If you answered "Yes" as to any of these Defendants, proceed to Question 3.*

3. Did Plaintiff prove by a preponderance of the evidence that any one or more of the following Defendants were deliberately indifferent to, or intentionally ignored, any use of excessive force against Plaintiff that you found by answering "Yes" to any part of Question 1 or Question 2?

        Defendant Thomas Jost    \_\_\_\_\_Yes    _____ No

        Defendant Jeff Moura     \_\_\_\_\_Yes    _____ No

        Defendant Alvie Barton    \_\_\_\_\_Yes    _____ No

        Defendant Erik Estrada    \_\_\_\_\_Yes    _____ No

        Defendant Joey Olive     \_\_\_\_\_Yes    _____ No

On July 9, 2014, the jury advised the Court that they were not able to reach a unanimous verdict on all claims, but that they had reached unanimous defense verdicts as to Plaintiff's excessive-force claims against Defendants Moura, Estrada, and

3 - OPINION AND ORDER

Olive (Question 1) and as to Officer Mauney (Question 2).

The Court instructed the jury to complete the Verdict form to the extent that they had reached a unanimous decision. The jury then completed Question 1 on the Verdict form finding Plaintiff had not established by a preponderance of the evidence that Defendants Moura, Estrada, or Olive had used excessive force against Plaintiff. The jury did not make any finding in Question 1 with respect to whether Plaintiff had established by a preponderance of the evidence that Defendant Barton had used excessive force. The jury also completed Question 2 finding Plaintiff had not established by a preponderance of the evidence that Defendant Mauney had used excessive force against Plaintiff. Because the jury did not answer "Yes" as to any of the Defendants in Question 1 nor as to Officer Mauney in Question 2, the jury did not proceed to Question 3. The jury, therefore, did not make any finding as to whether Plaintiff had established by a preponderance of the evidence that any Defendant was deliberately indifferent to or intentionally ignored any use of excessive force against Plaintiff. The Court then discharged the jury.

After discharging the jury the Court advised counsel that it would file the Verdict form, but the Court would defer the decision to "receive" the Verdict in the hope of facilitating settlement among the parties.

The parties did not settle. On October 31, 2014, Defendants

4 - OPINION AND ORDER

filed a Motion for Receipt of Partial Verdict as Determinative of Claims.  On November 21, 2014, the Court heard oral argument on Defendants' Motion and granted in part and denied in part Defendants' Motion with a written Opinion to follow.

## DISCUSSION

Defendants request in their Motion that the Court receive the jury's partial verdict and enter a partial judgment in accordance with that partial verdict.

As the Court stated at oral argument, it declines to enter a partial judgment.  Nevertheless, the Court concludes the jury's actual, unanimous responses to Questions 1 and 2 on the Verdict form are dispositive as to those issues, and, therefore, the Court concludes Plaintiff did not establish Defendants Moura, Estrada, and Olive or Officer Mauney personally violated Plaintiff's Eighth Amendment rights by using excessive force against Plaintiff.  As a result, the Court will not submit the question of the personal use of excessive force against Plaintiff by Defendants Moura, Estrada, Olive and Officer Mauney to the second jury when this matter is retried.  Accordingly, at retrial the Court will submit to the jury only a "Question 1" as to whether Plaintiff has established by a preponderance of the evidence that Defendant Barton personally used excessive force against Plaintiff and, if so, whether Plaintiff has established

5 - OPINION AND ORDER

by a preponderance of the evidence that any other Defendant was deliberately indifferent to or intentionally ignored the use of excessive force against Plaintiff by Defendant Barton.

It is undisputed that the evidence related to Defendant Barton's alleged use of excessive force and to whether Defendants were deliberately indifferent or intentionally ignored Defendant Barton's alleged use of excessive force is the same as the perpetuated evidence presented at the first trial.  Accordingly, the Court concludes a second pretrial conference is not necessary.  This matter will proceed to trial on January 13, 2015.

## CONCLUSION

For these reasons, the Court **GRANTS in part** and **DENIES in part** Defendants' Motion (#168) for Receipt of Partial Verdict as Determinative of Claims.

IT IS SO ORDERED.

DATED this 25th day of November, 2014.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge

6 - OPINION AND ORDER